IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE JEFFREY V. HOWES  | Civil Action No. ELH-16-00840

**MEMORANDUM**

On March 21, 2016, Jeffrey V. Howes, who is self-represented, filed an appeal to this Court from two orders issued sua sponte by the United States Bankruptcy Court for the District of Maryland (Gordon, J.) in Howes's Chapter 13 bankruptcy case. ECF 1.[1] In particular, Mr. Howes challenges an "Interim Order Requiring Debtor to Escrow Funds Pending Final Judgment in Adversary Proceeding" (ECF 1-2, the "Escrow Order"), dated January 8, 2016, and an "Order Dismissing Case with Prejudice to Debtor's Refiling for Twenty-Four Months" (ECF 1-1, the "Dismissal Order"), dated March 4, 2016. The case *sub judice* is also related to Case ELH-14-28l4, which involved an appeal from the Bankruptcy Court's dismissal of an adversary proceeding filed in the bankruptcy case. This Court affirmed that dismissal, and that case is now on appeal to the United States Court of Appeals for the Fourth Circuit (Appeal No. 15-2332).[2]

---

[1] This case was initially assigned to Judge Bredar and was reassigned to me on May 20, 2016.

[2] The Interim Chapter 13 Trustee has provided a helpful summary of the history of the underlying bankruptcy case in ECF 13. As the Interim Chapter 13 Trustee has noted, there is no opposing party to this appeal (*id.* at 8-10) and the case should be captioned "In re Jeffrey v. [sic]

This Memorandum resolves only the "Debtor's Motion for Stay Pending Appeal and Incorporated Memorandum." ECF 19 (the "Motion"). The Motion, filed on September 6, 2016, seeks "a stay pending appeal of the Bankruptcy court's *sua sponte* January 8, 2016 order requiring additional payments to escrow . . . and that court's March 4, 2016 order dismissing the lead Chapter 13 bankruptcy case . . . with prejudice to refiling within 24 months." *Id*. at 1. As to the two orders that are the subject of the appeal, Mr. Howes asserts: "A stay is warranted because the balance of hardships tips decidedly in favor of preserving the status quo that existed prior to the two *supa sponte* orders challenged in this appeal and because the *sua sponte* orders were otherwise erroneous." *Id*.

The Interim Chapter 13 Trustee previously advised this Court that he "does not believe he is a proper party to this appeal." ECF 13; *see also* ECF 8. Moreover, he has noted that there are no opposing parties. ECF 13. Therefore, no response to the Motion is anticipated. Nor is a hearing necessary to resolve the Motion. *See* Local Rule 105.6.

For the reasons that follow, I shall deny the Motion, without prejudice.

## I.     Procedural Background

As noted, this appeal concerns two orders issued, sua sponte, by the Bankruptcy Court. One of those orders dismissed Mr. Howes's Chapter 13 bankruptcy case, initiated in 2012. In this case he has taken an appeal from those two orders.

On April 25, 2016, Mr. Howes filed a "Motion to Vacate or Stay Sua Sponte Orders Dismissing Case and Requiring Additional Escrow Payments to Trustee" (ECF 6, the "First Motion"). He sought to vacate both the Escrow Order (ECF 1-2) and the Dismissal Order (ECF 1-1). *Id.* The First Motion provided, in relevant part, ECF 6 at 1:

---

Howes." *Id.* at 1 n. 1. Therefore, I have restyled the caption and shall direct the Clerk to correct the caption on the docket.

In alternate [sic], Appellant moves, pursuant to Bankruptcy Rules 8007(b), 8013, 8026; F.R.A.P Rule 8(a)(I); F.R.C.P. Rule 62, (RR. 7062), or 11 U.S.C. S 105(a), to stay the Orders and stay proceedings in the instant appeal and the bankruptcy case, pending resolution of this appeal, and separately, to stay the Orders and proceedings in the lower courts pending the related appeal in the United States Court of Appeals for the Fourth Circuit (No. 15-2332) . . . .

On May 4, 2016, Mr. Howes filed a second "Motion to Vacate or Stay Sua Sponte Orders Dismissing Case and Requiring Additional Escrow Payments to Trustee." ECF 10 (the "Second Motion"). In a later submission (ECF 15-1), Mr. Howes described the Second Motion as a "corrected copy" of the First Motion, in which he "corrected minor typographical errors and add[ed] a missing exhibit . . . ." *Id.* at 1.

Then, on May 13, 2016, Mr. Howes filed a motion to stay the briefing schedule as to his appeal in this case, "pending this Court's ruling on [his] Motion To Vacate or Stay S*ua Sponte* Orders . . . ." ECF 11 at 1. In an Order of July 21, 2016 (ECF 14), I stated, *id.* at 3: "The Motion to Stay Briefing asks for a stay pending this court's disposition of the motions to vacate. I cannot address the merits of the motions to vacate, however, in the absence of a brief from appellant." Accordingly, I directed Mr. Howes to submit his appellate brief. Mr. Howes filed his brief on September 6, 2016. ECF 18. As noted, on the same date, he also filed the Motion at issue.

## II. Discussion

Rule 8007 (formerly Rule 8005) of the Federal Rules of Bankruptcy Procedure governs a stay pending appeal. In pertinent part, Rule 8007(a)(1)(A) provides: "Ordinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Rule 8007(b)(1) is also relevant. It states: "A motion for the relief specified in subdivision (a)(1) . . . may be made in the court where the appeal is pending." But, "[t]he motion must: show that moving first in the bankruptcy court would be impracticable."

Rule 8007(b)(2)(A).  The Advisory Committee to the Federal Rules of Bankruptcy Procedure states: "The Motion for relief in the district court . . . must state why it was impracticable to seek relief initially in the bankruptcy court, if a motion was not filed there . . . ."  Notably, "[t]he failure to comply" with the Rule, "by first seeking relief from the bankruptcy court 'weighs heavily' against a stay, and 'may be fatal' to the request." *Jalali v. Pierce Associates, Inc.*, Civil No. WDQ-11-1069, 2011 WL 3648284, at *2 (D. Md. Aug. 11, 2011) (citations omitted).

"In the Fourth Circuit, the standard for a stay pending appeal of a bankruptcy court's decision is that for a preliminary injunction." *Coler v. Draper*, Civil No. WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008); *see Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reaffirmed in part and remanded*, 607 F.3d 355 (4th Cir. 2010).

As noted, appellant asserts that "the balance of hardships tips decidedly in favor of preserving the status quo that existed prior to the two *sua sponte* orders."  ECF 19 at 1.  He also alleges that he will suffer irreparable harm in the absence of a stay of the two orders. *Id.* at 6.  According to appellant, "[t]he two orders currently serve as the ground for dismissal of the underlying bankruptcy case and thus jeopardize the Adversary Proceeding appeal currently pending before the Fourth Circuit." ECF 19 at 6.  He asserts: "Debtor has come too far in the related Adversary Proceeding litigation only to have it dismissed because of the underlying (and as will be shown, improper) bankruptcy dismissal." *Id.*  Appellant continues, *id*. at 6-7:

Debtor stands to completely lose a great deal of time and money already spent on prosecuting both the Adversary Proceeding and the underlying bankruptcy reorganization.

\*\*\*

Tens of thousands of dollars has been spent on the subject litigation to date. If the dismissal is allowed to stand and causes the Fourth Circuit to dismiss the related adversary appeal, Debtor will have been deprived of his right to have his position considered and ruled upon by the Fourth Circuit, while at the same time being precluded from restarting the bankruptcy case and the adversary challenge for two years thereafter (based on the Dismissal Order barring re-filing for two years).

Mr. Howes provides only a brief footnote explaining his decision to seek a stay directly from this Court, rather than the Bankruptcy Court. ECF 19 at 1. He states, *id*.:

Throughout this bankruptcy case, the trial judge has exhibited outright hostility to the Debtor on a number of occasions, as set forth in the Fourth Circuit appeal and in the appeal brief to this Court (incorporated herein by reference). In fact, the two sua sponte orders resulting in a bar to the Debtor's refiling for 2 years were the culmination of that hostility. For this reason, it would have been futile to seek a stay from the trial judge.

In my view, Mr. Howes's rationale for filing the Motion in this Court, rather than in the Bankruptcy Court, does not meet the requirement set forth by Rule 8007. To be sure, Mr. Howes believes the bankruptcy judge has been hostile to him. But, the judge's adverse rulings do not excuse Mr. Howes's failure to submit the Motion to the Bankruptcy Court in the first instance. The Rule specifically envisions bringing such a motion to the district court only *after* the same motion has been denied by the Bankruptcy Court.[3]

---

[3] It is worth noting that the Interim Trustee has said that the issue on appeal to the Fourth Circuit – dismissal of the adversary proceeding – "is not sufficiently related" to the Escrow Order or the Dismissal Order so as "to divest this Court of jurisdiction over those [two] orders." ECF 13 at 12. By the same logic, it would seem that there is no merit to Mr. Howes's concern that the failure to obtain a stay here will render moot his pending appeal to the Fourth Circuit. *See Smith v. Commercial Banking Corp.*, 866 F.2d 576, 579-80 (3d Cir. 1989).

### III.  Conclusion

Appellant filed the Motion in this Court without first seeking a stay from the Bankruptcy Court or including a sufficient explanation as to why such an action would have been impracticable.  Accordingly, I shall deny the Debtor's Motion for Stay Pending Appeal, without prejudice.

An Order follows.

Date:   September 15, 2016

/s/
Ellen Lipton Hollander
United States District Judge